UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANCHEZ MARTIN,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-865-HAB-SLC

REDMAN, et al.,

    Defendants.

## OPINION AND ORDER

Sanchez Martin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Upon review, Martin's complaint is unduly vague and difficult to understand. While unclear from his complaint, he appears to be suing Sheriff Redman, Lt. Jack Peppers, and Ryan Olmstead because they subjected him to unfair rules and bias when he was put in the "hole" at St. Joseph County Jail. ECF 1 at 2. However, he has not explained or described the events in this case in such a way that the court can ascertain why he is suing each defendant. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599,

602 (7th Cir. 2009) (in order to state a claim, a plaintiff must plead sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Thus, the complaint is confusing and contains insufficient factual content from which the court can draw a reasonable inference that the defendants are liable for constitutional violations. In short, Martin has not provided enough information for the court to determine whether he has a viable claim against any defendant.

This complaint does not state a claim for which relief can be granted. If Martin believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. Martin needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Sanchez Martin until **November 25, 2024**, to file an amended complaint; and

(2) CAUTIONS Sanchez Martin if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 29, 2024.

                                                   s/ *Holly A. Brady*  
                                                   CHIEF JUDGE HOLLY A. BRADY  
                                                   UNITED STATES DISTRICT COURT